# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 8, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOANNE R. COLEGROVE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1156** (BOR Appeal No. 2047258)
                   (Claim No. 2010130757)

**THE HOME DEPOT USA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joanne R. Colegrove, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Home Depot USA, Inc., by Robert E. Rockwell, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 17, 2012, in which the Board affirmed a May 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 28, 2011, decision granting Ms. Colegrove an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Colegrove worked as a sales clerk for the Home Depot USA, Inc. On April 11, 2010, Ms. Colegrove injured her low back while lifting a lawnmower into a cart. The claim's administrator held her claim compensable for a lumbar strain. Ms. Colegrove then came under the care of Allen Young, M.D., and he determined that she had reached her maximum degree of American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). He then reduced this to an 8% whole person impairment rating to fit within the ranges set out in Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006). On February

1

28, 2011, the claims administrator granted Ms. Colegrove an 8% permanent partial disability award based on Dr. Young's recommendation. On May 25, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on September 17, 2012, leading Ms. Colegrove to appeal.

The Office of Judges concluded that Ms. Colegrove was entitled to an 8% permanent partial disability award. The Office of Judges found that Dr. Young's recommendation was the only evidence in the record regarding Ms. Colegrove's whole person impairment. The Office of Judges noted that the parties did not dispute that Dr. Young found Ms. Colegrove had 8% whole person impairment under the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-C. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Ms. Colegrove requests an additional 5% permanent partial disability award based on Dr. Young's impairment findings prior to adjusting the rating to fit within West Virginia Code of State Rules § 85-20-C. Ms. Colegrove argues that West Virginia Code of State Rules § 85-20-C is in conflict with West Virginia Code § 23-4-6(i) (2006) and is invalid.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Colegrove has not shown that she is entitled to any greater than an 8% permanent partial disability award. Dr. Young provided the only impairment rating in the record, and he found that Ms. Colegrove had 8% whole person impairment. Ms. Colegrove's request for an additional permanent partial disability award is inconsistent with this Court's holding in *Gore v. Insurance Commissioner of West Virginia*, No. 11-0612, 2013 WL 1286071, at *5 (Mar. 28, 2013), and she has not demonstrated that Dr. Young's impairment rating was invalid.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2